IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | CASE NO. 4:22-CR-17 (CDL) |
| : | |
| **JOSHUIA BROWN** : | |
| : | |
| **Defendant** : | |
| : | |

### PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on September 18, 2023, Defendant Joshuia Brown (hereinafter "Brown" or "Defendant"), was found guilty by a jury on Counts One through Ten of the Superseding Indictment charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846; Distribution and Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii); Forcible Assault on a Federal Officer with a Deadly Weapon, all in violation of Title 18, United States Code, Sections 111(a)(1) and (b); Discharging a Firearm During and in Relation to a Crime of Violence, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii); Illegal Possession of a Machine Gun, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2); Possession with Intent to Distribute Fentanyl, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); Possession with Intent to Distribute Cocaine Base, in violation of Title 21, United States Code, Sections

841(a)(1) and (b)(1)(C); Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii); Possession with Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A);

AND WHEREAS, the Superseding Indictment contained a generic Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 21, United States Code, Section 853, of any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s); and/or any firearms and ammunition involved in the commission of the offense(s) pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c);

AND WHEREAS, the United States filed a Notice of Bill of Particulars for Forfeiture of Property as to the Superseding Indictment giving notice to Brown that upon conviction of the aforementioned offense(s) the Government would seek criminal forfeiture of the following property: one (1) Glock, Model: 19X, 9mm pistol, Serial Number: BTEA670, with a selector switch and an extended magazine;

AND WHEREAS, the United States having filed a Motion for Preliminary Order of Forfeiture for the following specific property:  one (1) Glock, Model: 19X, 9mm pistol,

Serial Number: BTEA670, with a selector switch and an extended magazine; and approximately nineteen (19) rounds of ammunition (hereinafter collectively referred to as the "subject property");

AND WHEREAS, the Court has determined, based on the evidence already in the record, that (1) Defendant has an ownership interest in the subject property; (2) that the following property is subject to forfeiture pursuant to 21 U.S.C. § 853 and/or 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c); and (3) that the United States has established the requisite nexus between the aforesaid offense(s) and the subject property;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the subject property and the offense(s) of conviction, and the subject property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the subject property, and to conduct any discovery that may assist in identifying, locating or disposing of the subject property, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3. The United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the United States Attorney General (or his designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

4. Any person, other than the above-named Defendant, asserting a legal interest in the subject property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. ' 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 924(d)(1).

5. **Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, and shall be made part of the sentence and included in the judgment**. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

6. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner=s right, title or interest in the subject property, the time

4

and circumstances of the petitioner=s acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner=s claim and the relief sought.

7.	After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.	The United States shall have clear title to the subject property following the Court=s disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. '853(n), incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 924(d)(1) for the filing of third-party petitions.

9.	The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this 23rd day of January, 2024.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA