IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA          *

vs.                               *

                                        CASE NO. 4:22-CR-17(CDL)

JOSHUIA BROWN,                    *

    Defendant.                    *

_____

O R D E R

In 2023, a jury convicted Joshuia Brown of several drug and firearm offenses.  Brown appealed his conviction.  Now, Brown moves under Federal Rule of Appellate Procedure 12.1(a) and Federal Rule of Criminal Procedure 37(a)(3) for an "indicative ruling" on a motion for a new trial based on newly discovered evidence.  Because his appeal remains pending before the Eleventh Circuit, the Court does not have jurisdiction to grant Brown a new trial.  *See* Fed. R. Crim. Pro. 33(b)(1) ("If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.").  Under Rule 37, however, a district court "generally maintains jurisdiction to entertain a motion for a new trial based on newly discovered evidence under Rule 33(b)(1) while an appeal is pending, and it can either deny the motion or indicate its intent to grant the motion."  *United States v. Gonzalez*, No. 24-11757, 2024 WL 5245013, at *1 (11th Cir. Dec. 30, 2024) (per curiam) (citing Fed. R. Crim. Pro. 37(a)), *cert. denied*, 145 S.

Ct. 2765 (2025).[1]  For the following reasons, the Court finds that a motion for a new trial would be denied upon remand.

FACTUAL BACKGROUND

In August 2022, Brown was indicted and charged with forcible assault on a federal officer with a deadly weapon and with discharging a firearm during and in relation to a crime of violence.  Indictment 1-2, ECF No. 1.  Attorney Jessica Lee of the Federal Defender's Office represented Brown beginning on August 11, 2022, until November 29, 2022, when she filed an *ex parte* motion to withdraw due to a "recently discovered fatal conflict of interest" with another unnamed defendant.  Mot. to Withdraw, ECF No. 55.  At a pretrial conference held on December 1, 2022, the Court acknowledged in Brown's presence that Lee sought to withdraw her representation of him "based upon a conflict of interest." Pretrial Conference Hr'g Tr. 4:5-9 (Dec. 1, 2022), ECF No. 225 in 4:22-CR-17.  When the hearing reconvened later that day, Brown, Lee, and Brown's replacement counsel, Mark Shelnutt, were all present.[2]  The Court granted Lee's motion, along with a motion to continue Brown's trial.  The Court again reiterated on the record

---

[1] Federal Rule of Appellate Procedure 12.1(a) similarly states: "If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue."

[2] Along with Shelnutt, attorney William Kendrick also entered an appearance on Brown's behalf after Lee moved to withdraw, but he was not present at the pretrial conference.

that Lee sought to withdraw "based upon a conflict," and no further details about the conflict were revealed during the hearing. *Id.* at 11:8-13.

In May of 2023, a grand jury returned a superseding indictment against Brown, which included several drug and firearm charges. Brown entered a plea of not guilty, and his case proceeded to trial in September 2023. One of the trial witnesses, Anthony Patton, a defendant in another federal criminal case, testified unfavorably toward Brown. *See* Trial Tr. vol. IV 58:2-89:6 (Sep. 14, 2023), ECF No. 188 in 4:22-CR-17; *see also* Indictment, ECF No. 1 in *United States v. Patton*, 4:21-CR-17 (M.D. Ga. Apr. 14, 2021). Lee also represented Patton beginning in June 2021. On November 29, 2022, Lee filed an *ex parte* motion to withdraw from representing Patton. As with Brown, the motion cited a "fatal conflict of interest" but did not provide further details about the conflict. Mot. to Withdraw, ECF No. 43 in 4:21-CR-17. The Court granted the motion during a hearing on November 30, 2022. Text Order, ECF No. 44 in 4:21-CR-17 (M.D. Ga. Nov. 30, 2022). No transcript of that hearing appears on the docket, though a text only minute entry reports that Lee "stated the reasons for withdrawal from the case" during an *ex parte* portion of the hearing. Text Only Minute Entry, ECF No. 45 in 4:21-CR-17 (M.D. Ga. Nov. 30, 2022).

At Brown's trial, the Government called Patton to testify about conversations he had with Brown while they were detained

3

together at the Lee County Detention Center.  Patton, who pleaded guilty to the charges against him in February of 2023, testified on cross-examination that he became a witness in the case against Brown because his former lawyer, Jessica Lee, suggested in 2022 that he cooperate and give information about Brown in exchange for a more favorable sentence.  Trial Tr. vol. IV 82:8-17 (Sep. 14, 2023), ECF No. 188 in 4:22-CR-17.  Neither the Government nor Brown's counsel raised the issue of Lee's conflict of interest as between Brown and Patton at the trial.  Brown was ultimately found guilty on all counts.

DISCUSSION

Brown argues that he should be granted a new trial based on the newly discovered evidence that while Lee represented both Patton and Brown, she (according to Patton) advised Patton to testify against Brown.  Brown reasons that Lee's conflict between her two former clients prejudiced him because the jury relied on Patton's testimony to convict him.  In his Rule 37 motion, Brown asks the Court to indicate that it would order a new trial and refuse to allow Patton to testify or at least hold an evidentiary hearing on the issue of Lee's conflict.

A district court may grant a motion for "a new trial grounded on newly discovered evidence" "if the interest of justice so requires."  Fed. R. Crim. Pro. 33(a), (b)(1).  "Motions for a new trial based on newly discovered evidence are highly disfavored in

4

the Eleventh Circuit and should be granted only with great caution." *United States v. Beasley*, 160 F.4th 1199, 1205 (11th Cir. 2025) (quoting *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006)), *petition for cert. filed*, *Beasley v. United States*, No. 25-1188 (Apr. 16, 2026).  To succeed on such a motion, a defendant must establish "(1) that the evidence was discovered after trial, (2) the defendant's failure to discover the evidence was not due to a lack of diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence would probably produce a different result at trial." *Id.* (quoting *United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024)).  "The failure to satisfy any one of these elements is fatal to a motion for new trial."  *United States v. Lee*, 68 F.3d 1267, 1274 (11th Cir. 1995).

The circumstances presented here do not authorize a new trial. First, Brown learned during his pretrial conference that Lee withdrew from her representation of him due to a conflict of interest.  Brown further learned from Patton's testimony on cross-examination that Lee advised Patton to testify against him.  Armed with this knowledge, nothing prevented Brown's trial counsel from putting the pieces together and comparing Brown's and Patton's dockets to confirm the overlapping representation, as Brown's appellate counsel has now done.  Accordingly, evidence of Lee's conflict is not *newly discovered*, and even it is, the failure to

5

uncover the full details of Lee's conflict was due to a lack of diligence by Brown and his trial counsel, who after eliciting information from Patton about Lee's dual representation made no further inquiry and raised no objection.

Furthermore, it is absolute speculation that evidence of the conflict would make any difference in a new trial.  Lee did not represent Brown or Patton at Brown's trial.  The Court cannot reasonably infer that even without Lee's earlier recommendation Patton would not have testified.  It was arguably in his interest to do so, and subsequent conflict-free counsel would have likely made the same recommendation.  To the extent that Brown makes an ineffective assistance of counsel claim based on Lee's conflict during her representation of him, the Court is unconvinced that such a claim would be successful given Brown's subsequent representation at trial by conflict-free counsel.  Furthermore, any ineffective assistance claim arising from his trial counsel's failure to seek the exclusion of Patton's testimony based upon the conflict is  premature.[3]

Because Brown has failed to satisfy the elements of a motion for a new trial based on newly discovered evidence, the Court finds

---

[3] The Eleventh Circuit has recognized that "a 28 U.S.C. § 2225 motion is the preferred means for deciding an ineffective assistance claim." *United States v. Elliott*, No. 22-12145, 2023 WL 5623847, at *5 (11th Cir. Aug. 31, 2023) (per curiam).  Brown does not argue, however, that his counsel was ineffective but only that he should receive a new trial based on newly discovered evidence.

that Brown's motion for a new trial would be denied upon remand. The Court further finds that an evidentiary hearing would not change this result. Therefore, that request is also denied. *See United States v. Markovich*, 95 F.4th 1367, 1380 (11th Cir. 2024) (quoting *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)) ("The law of this circuit is well established that a motion for new trial may ordinarily be decided upon affidavits without an evidentiary hearing.").

## CONCLUSION

As explained in the foregoing discussion, Brown's request for an indicative ruling that a motion for new trial would be granted upon remand is denied. His alternative request for an evidentiary hearing is also denied.

IT IS SO ORDERED, this 23rd day of April, 2026.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA